UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN A. HODGSON,

Plaintiff,

v.

MARY JANE COLE, DEBORAH A. BUSHNELL, CRISTINE HODGSON, KEVEN HODGSON, MARTHA HODGSON LEE, TERESA HODGSON, JANE DOE and JOHN DOE,

Defendants.

CIVIL NO. 00-1317 (JRT/FLN)

ORDER

Plaintiff, a state prison inmate, commenced this action on May 25, 2000, by filing a complaint with the Clerk of District Court. (Docket No. 1.) He is seeking money damages and other relief from various relatives who have allegedly conspired to deprive him of certain property interests. Plaintiff did not pay any filing fee for this action, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) That application is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements set forth at 28 U.S.C. § 1915(b), which provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
> (A) the average monthly deposits to the prisoner's account; or

FILED JUN 0 5 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

(Emphasis added.)

According to this statute, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time") (emphasis added). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the instant case, Plaintiff's IFP application includes information pertaining to his inmate trust account, (as required by § 1915(a)(2)), which shows that his average monthly deposit to that account during the preceding six-month period was $925.69.[1] While the exact amount of Plaintiff's average monthly balance during that same period is not readily apparent, it is evident that his monthly balance has been less than his average monthly deposits. Plaintiff's initial partial filing fee must therefore be computed on the basis of his average monthly deposits to his prisoner trust account during the past six months, (rather than the average monthly balance). See 28 U.S.C. § 1915(b)(1). According to the statutory formula prescribed by § 1915(b)(1), (i.e., twenty percent of the greater of the average monthly deposit or average monthly balance), Plaintiff's initial partial filing fee should be $185.14, ($925.69 x 20% = $185.14). Because that amount actually exceeds the full statutory filing fee of $150, (see 28 U.S.C. § 1914(a)), Plaintiff, in this particular case, will have to pay the normal $150 filing fee as the "initial partial filing fee" required by § 1915(b)(1). See 28 U.S.C. § 1915(b)(3) ("[i]n no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment").

In short, pursuant to § 1915(b)(1), Plaintiff will have to pay $150 to the Clerk of Court before this action can proceed any further.[2] If that fee is paid within twenty (20)

---

[1] The financial records submitted with Plaintiff's IFP application indicate that the total of all deposits to his trust account for the period of December 1, 1999, through May 19, 2000, was $5554.16, which is an average of $925.69 per month. ($5554.16 ÷ 6 months = $925.69/month.)

[2] Needless to say, if Plaintiff does pay the required $150 filing fee, he will not have to make any of the subsequent installment payments contemplated at § 1915(b)(2).

days after the date of this order, the case will be allowed to go forward. It should be noted, however, that even if the fee is paid in a timely manner, the action still may be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), if the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted.[3] If the required fee is not paid within twenty (20) days, Plaintiff will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. Fed. R. Civ. P. 41(b).

---

[3] Section 1915(e)(2) provides that –

> "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that... (B) the action or appeal... (ii) fails to state a claim on which relief may be granted."

Although Plaintiff's complaint has not yet been thoroughly examined, a cursory inspection of it leaves the Court with serious doubts about the ultimate viability of this action. Plaintiff claims that he is attempting to sue Defendants under the federal civil rights laws, for alleged violations of his federal constitutional rights. However, it appears that none of the Defendants are "state actors," which means that Plaintiff will probably be unable to sue them for violating his constitutional rights. The complaint also includes several vague references to other federal statutes, (besides the civil rights laws), but it does not adequately identify any specific statute(s) on which a private cause of action could be based. Thus, it appears that Plaintiff's claims probably do not have any basis in federal law, which raises significant questions about the existence of federal subject matter jurisdiction in this case. (Diversity jurisdiction does not exist, because it appears that Plaintiff and at least one of the Defendants reside in the same state -- namely Minnesota. Furthermore, even if there were diversity of citizenship here, the so-called "probate exception" could still bar the federal court from hearing Plaintiff's claims. See Markham v. Allen, 326 U.S. 490, 494 (1946) ("a federal court has no jurisdiction to probate a will or administer an estate").) In the absence of subject matter jurisdiction, this action would have to be immediately dismissed. See Fed. R. Civ. P. 12(h)(3). Plaintiff should give serious consideration to these issues before investing $150 (from his apparently limited assets) to litigate his claims in federal court, rather than in state court, where they would seem to belong.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Within twenty (20) days after the date hereof, Plaintiff shall tender to the Clerk of Court the full $150.00 filing fee for this action, failing which it will be recommended that the action be dismissed without prejudice.

Dated: June 2, 2000

FRANKLIN L. NOEL,
Chief Magistrate Judge