UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN A. HODGSON,

Plaintiff,

v.

MARY JANE COLE,
DEBORAH A. BUSHNELL,
CRISTINE HODGSON,
KEVIN HODGSON,
MARTHA HODGSON LEE,
TERESA HODGSON,
JANE DOE, and JOHN DOE,

Defendants.

Civil No. 00-1317 (JRT/SRN)

**REPORT AND RECOMMENDATION**

This matter is properly before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

Plaintiff commenced this action on May 25, 2000, by filing a complaint alleging that some of his relatives have conspired to deprive him of an inheritance. Plaintiff did not submit the $150 filing fee required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). Because Plaintiff is a prisoner, however, he is not entitled to IFP status unless he first complies with the initial partial filing fee requirements set forth at 28 U.S.C. § 1915(b). Therefore, by order dated June 2, 2000, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee, (which in this case was determined to be the full $150), within twenty days. Plaintiff was advised that if he did not pay his initial partial filing fee within the time allowed, the Court would recommend that his action be dismissed without prejudice, for failure to prosecute.

FILED JUN 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff responded to the prior order by sending a letter to the undersigned Magistrate Judge dated June 22, 2000. (Docket No. 5.) That letter indicates, quite unequivocally, that Petitioner would like to voluntarily dismiss this action without prejudice.

Because no Defendant has filed any answer or other response to Plaintiff's pleading in this matter, Plaintiff is entitled to voluntarily dismiss this action, as a matter of course, pursuant to Fed. R. Civ. P. 41(a). It is therefore recommended that this action be summarily dismissed without prejudice.[1]

RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

This action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a).

Dated: June 29, 2000

Susan Richard Nelson

SUSAN R. NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served

[1] Plaintiff's letter of June 22, 2000, indicates that he might try to file a new action in this District, asserting claims similar to those that he was attempting to assert here. As Chief Magistrate Judge Noel observed in his prior order, however, it would seem that Plaintiff's claims probably belong in state court, rather than federal court. (See Order dated June 2, 2000, p. 4, n. 3.) Needless to say, if Plaintiff does attempt to commence another action here, he will have to be mindful of the issues noted by Judge Noel. He will also have to pay careful attention to the pleading requirements set forth at Rules 7-11 of the Federal Rules of Civil Procedure -- especially Rule 8(a) (which requires "a short and plain statement of the grounds upon which the court's jurisdiction depends"), and Rule 9(b) (which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). If Plaintiff finds it necessary to dismiss another lawsuit similar to the one he tried to bring here, that second action will be dismissed with prejudice. See Fed. R. Civ. P. 41(a)(1) (final sentence).

with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.